CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 10 2012

JULIA C. DUDLEY, CLERK
BY: /s/ Linda Buck
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LINDA H. MOORE, | ) |
| | ) Civil Action No. 5:11CV00069 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of | ) |
| Social Security, | ) By: Honorable Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Linda H. Moore, was born on May 18, 1957, and eventually completed her high school education. Mrs. Moore has worked in the textile industry. She last engaged in substantial gainful activity on a sustained basis in 2002. Mrs. Moore filed an application for a period of disability and disability insurance benefits on July 6, 2009. Two earlier applications for disability insurance benefits had proven unsuccessful. In filing her third and most recent claim, plaintiff alleged that she became disabled for all forms of substantial gainful employment on February 23, 2007, due to a back injury; problems with both knees and both hands; swelling in hands, knees, and ankles; depression; fibromyalgia; high blood pressure; thyroid problems; and problems with memory

and concentration. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Moore met the insured status requirements of the Act through the fourth quarter of 2007, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to a period of disability and disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2007. See gen., 42 U.S.C. § 423(a).

Mrs. Moore's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 28, 2011, the Law Judge also determined that Mrs. Moore was not disabled. The Law Judge found that, prior to the termination of insured status, plaintiff suffered from severe impairments including discogenic/degenerative back disorder, and other, unspecified arthropathies. (TR 16). Given such physical impairments, the Law Judge held that Mrs. Moore became disabled for her past relevant work during the period in which she still enjoyed insured status. Relying on a medical assessment provided by a nonexamining, state agency physician, the Law Judge assessed plaintiff's residual functional capacity, during the critical period, as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) occasionally lifting and/or carrying twenty pounds and ten pounds frequently, standing and/or walking about six hours in an eight-hour workday, sitting about six hours in an eight-hour workday with normal breaks, perform limited pushing and/or pulling including operation of hand and/or foot controls, occasionally climb ramps/stairs, but never climb ladders/ropes/scaffolds, and occasionally balance, stoop, kneel, crouch and crawl. This conclusion is consistent with the report of a medical expert for Disability Determination Services on reconsideration. (Exhibit 14E).

(TR 27). At the administrative hearing, a vocational expert testified that such residual functional capacity would permit performance of light work activity. (TR 122). Given a residual functional

capacity for light exertion, and after considering plaintiff's age, education, and prior work experience, as well as testimony from the vocational expert, the Administrative Law Judge determined that Mrs. Moore could have performed several specific light work roles existing in significant number in the national economy at all relevant times prior to the termination of her insured status. (TR 33-34). Accordingly, the Law Judge ultimately concluded that Mrs. Moore was not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See gen., 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Moore has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this matter, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. There is a sharp conflict in the medical record in this case between the reports of plaintiff's treating physician, Dr. Bart Balint, and Dr. R. S. Kadian, the nonexamining, state agency physician upon whose findings and opinion the Administrative Law Judge relied. Dr. Balint is a pain management specialist. It is essentially

3

undisputed that Dr. Balint saw Mrs. Moore approximately every two months during the relevant period. In a physical functional capacity completed on December 6, 2010, Dr. Balint opined that, during the period from March 1, 2007 to December 31, 2007, Mrs. Moore was suffering from displacement of a lumbar disc, neuralgia, fibromyalgia, depression, muscle spasm, and chronic pain syndrome. (TR 659). Dr. Balint offered physical findings which clearly suggest that plaintiff was disabled for all forms of work activity during the critical period. As previously noted, Dr. Kadian has never seen Mrs. Moore in person. Moreover, the record is silent as to Dr. Kadian's type of practice or his medical specialities. On June 7, 2010, Dr. Kadian reviewed all of the existing medical record and produced residual functional capacity findings for the period on and before December 21, 2007, which were eventually deemed by the vocational expert to be suggestive of a residual capacity for light work activity. Dr. Kadian listed his diagnoses as high blood pressure, obesity, and degenerative changes in the lumbar spine, left knee, and left wrist. (TR 319).

As noted above, the Administrative Law Judge adopted the physical findings of Dr. Kadian. In so doing, the Law Judge commented as follows:

> As for the opinion evidence, in reaching this conclusion, the medical opinions of the State agency medical consultants at the reconsideration level regarding the claimant's abilities to do work-related activities is adopted. (Exhibit 14E). This opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. Although the State agency medical consultant at the reconsideration level did not examine the claimant, he provided specific reasons for his opinion about the claimant's residual functional capacity showing that it was grounded in the evidence in the case record, including careful consideration of the claimant's allegations about her symptoms and limitations. Evidence which was received into the record after the reconsideration determination did not provide any new or material information that would alter any findings about the claimant's residual functional capacity.

(TR 31).

4

The court believes that there is substantial evidence to support the Law Judge's determination that Dr. Balint's assessment suggesting total disability is not fully consistent with the objective medical evidence of record. While the court deems it unnecessary to state all the reasons for this conclusion, the court notes in passing that many of Dr. Balint's comments over the years concerning plaintiff's fibromyalgia, chronic pain syndrome, and emotional difficulties are not fully documented. Moreover, it is true that various objective studies have failed to establish the existence of any musculoskeletal defects which could be reasonably be expected to have resulted in the level of dysfunction described by Dr. Balint. On the other hand, the court believes that the record fails to support the Law Judge's finding that Mrs. Moore retained sufficient functional capacity to perform anything greater than sedentary levels of exertion.

All of the doctors, including Dr. Kadian, who have evaluated plaintiff's musculoskeletal problems have concluded that she experiences significant difficulties with her knees, particularly on the left side. She also suffers from significant lower back problems. The medical records indicate that, even without engaging in regular work activity, plaintiff has experienced significant swelling in her lower extremities. It is undisputed that Mrs. Moore uses a cane to assist in ambulation. At the administrative hearing conducted on December 9, 2010, plaintiff testified that she has difficulty getting around because of trouble with her back and knees. (TR 95). She related that her musculoskeletal problems have gradually worsened since a work-related accident in 2000. (TR 97-98). She suffers from pain in her lower back, which occasionally radiates down both legs. (TR 99). She sometimes has numbness in her lower extremities. (TR 101). She has problems with both knees, especially her left knee, which she attributes to her excessive weight, and the performance of activities involving her knees. (TR 104).

5

At least in terms of the discomfort and loss of function associated with her back and knee problems, the court finds plaintiff's testimony to be consistent with the objective medical record. Given certain of the manifestations of plaintiff's musculoskeletal problems (and her significant obesity), the court does not believe that the vocational expert's testimony fully supports the Law Judge's finding of residual functional capacity for specific work roles clearly falling in the "light work category." At the hearing, when asked to consider a hypothetical question largely premised on the residual functional capacity findings of Dr. Kadian, the vocational expert identified three jobs which Mrs. Moore could be expected to perform. (TR 125-26). The vocational expert explicitly characterized each of the jobs identified as light in exertional requirements. (TR 126). The transcript of the hearing then reveals the following exchange between the Administrative Law Judge and the vocational expert:

> [ALJ] Q: Okay. With the jobs that you have just listed, would someone required medically to use a cane be able to do those jobs?
>
> [VE] A: If a person has to use a cane to balance themselves, while they are standing, then that person would not be able to do light work.
>
> Q: Would these jobs allow for change in orientation from sitting to standing throughout the day? I mean sit-stand options.
>
> A: Sitting and standing option is not a normal provision for light work.
>
> Q: So it would make it difficult –
>
> A: That's usually sedentary work.
>
> Q: But, for these jobs, it would make it difficult if she required a sit-stand option?
>
> A: Yes. She couldn't do the work.

(TR 126-27).

In short, the court reads the vocational expert's testimony to indicate that the existence of certain physical manifestations, which are consistent with the lay testimony and medical evidence in plaintiff's case, would have limited Mrs. Moore to the performance of sedentary levels of work. Specifically, it would seem that Mrs. Moore's need to use a cane for ambulation, and the requirement for a sit/stand option, render her incapable of performing the light work roles cited by the Law Judge. In this respect, the court finds that Dr. Kadian's opinion as to plaintiff's residual functional capacity directly conflicts with that of another, nonexamining, state agency physician who conducted a record review in connection with plaintiff's most recent application for benefits. As part of the initial administrative adjudication of plaintiff's most recent claim, Dr. Luc Vinh completed a record review with report dated May 7, 2010. The evaluation submitted by Dr. Vinh indicates that, during the critical period of time, plaintiff experienced mobility restrictions due to pain caused by degenerative disc disease in the lumbar spine, as well as degenerative changes in the left knee. (TR 295). Dr. Vinh's report clearly states that Mrs. Moore could be expected to stand and walk for no more than four hours in a regular day (TR 295), and that her residual functional capacity restricts her to the sedentary work category. (TR 297).

Obviously, in several respects, the assessments of Dr. Vinh and Dr. Kadian are in conflict. The Administrative Law Judge recognized this conflict and undertook to downplay the significance of Dr. Vinh's findings as follows:

> In reaching this conclusion, the medical opinion of the State agency medical consultant [Dr. Vinh] at the initial level regarding the claimant's abilities to do work-related activities and perform a limited range of light work, requiring lifting up to twenty pounds and ten pounds frequently as well as walk four hours in an eight-hour workday has been considered. (Exhibit 10E). This opinion was based on information

> contained in the record at the time of the state agency initial determination in this case, and the state examiner considered no medical records generated or provided after that date. However, additional medical evidence received in the course of developing the claimant's case for review at the hearing justifies a conclusion that, although not disabling, the claimant's impairments are less limiting than was concluded by the State examiner at the initial level.

(TR 31). The court believes that this explanation makes little sense and is not supported by substantial evidence. As previously noted, Dr. Vinh completed his assessment on May 7, 2010. (TR 296). His evaluation makes reference to a number of medical exhibits dated as late as April of 2010. (TR 291). While the reports of both Dr. Vinh and Dr. Kadian might arguably be deemed insufficient in that they were completed prior to the submission of Dr. Balint's residual functional capacity questionnaire, there is no evidence to support the Law Judge's inference that Dr. Vinh was not adequately informed so as to comment on plaintiff's capacity for work on and before December 31, 2007.

After consideration of all the evidence, both from examining and nonexamining sources, and based on a review of the claimant's testimony, the court concludes that the record does not support the Law Judge's finding of residual functional capacity for light exertion. The court concludes that Mrs. Moore has met the burden of proof in establishing that on and before December 31, 2007, she was capable of performing no more than sedentary levels of work on a regular and sustained basis.

The court notes that, at the administrative hearing, the vocational expert was not asked to consider any hypothetical question which assumed a residual functional capacity for no more than sedentary levels of exertion. For that matter, the vocational expert was not asked any questions regarding the existence of transferable work skills in Mrs. Moore's case, nor did the Administrative Law Judge undertake to make such findings in his opinion denying benefits. (TR 32). Accordingly,

8

the court finds "good cause" for remand of this case to the Commissioner for further development and consideration. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental hearing, at which both sides will be allowed to present additional evidence and argument. Should such a supplemental hearing be deemed necessary, the only issue to be considered is whether the claimant, given her particular combination of age, education, and prior work experience, could have performed specific sedentary work roles existing in significant number in the national economy on or before December 31, 2007.

For the reasons stated, the court has found "good cause" for remand of this case to the Commissioner for further development and consideration. An appropriate order shall be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 10th day of April, 2012.

_____
Chief United States District Judge